# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OHIO, EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES CRENSHAW | ) | |
| 131 W. BOARDMAN ST., #902 | ) | |
| YOUNGSTOWN, OH 44502 | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | CASE NO. |
| WARDEN, GRAFTON CI | ) | |
| 2075 S. AVON BELDEN RD. | ) | |
| GRAFTON, OH 44044 | ) | |
| | ) | |
| WARDEN, BELMONT CI | ) | |
| 68518 BANNOCK UNIONTOWN RD. | ) | |
| ST. CLAIRSVILLE, OH 43950 | ) | |
| | ) | |
| WARDEN, FCI PETERSBURG LOW | ) | JUDGE |
| 1100 RIVER RD. | ) | |
| PETERSBURG, VA 23804 | ) | |
| | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| Defendants. | ) | |

# COMPLAINT

Now comes the Plaintiff, CHARLES CRENSHAW, by his attorney, BRETT F. MURNER, and complains of all Defendants, as follows:

## Introduction and Preliminary Statement

1. Plaintiff Charles Crenshaw brings this action to recover damages for the deprivation of his constitutional rights caused by his over detention.

2. 42 U.S. Code ¶1983 states in relevant part that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

3. Plaintiff, Charles Crenshaw, at least 24 months wrongfully incarcerated in multiples prisons and prison systems due to a failure by these institutions to properly follow the law.

4. On or about December 1, 1995, Plaintiff was arrested in US District Court (Northern District of Ohio) Case No. 4:95 CR 438. Plaintiff litigated his matter fully, ultimately being found guilty in a jury trial on September 12, 1996.

5. Plaintiff was sentenced to a 360 month prison term in the federal prison system. He was sentenced to eight years of supervised release. Plaintiff served his

sentence as at various federal institutions, with the last being FCI Petersburg Low in Petersburg, Virginia.

6. On or about, May 7, 2019, Plaintiff's federal sentence was reduced from 360 to 281 months. This reduction in sentence should have immediately released him from federal custody. (Exhibit A)

7. This did not occur. Plaintiff was unlawfully held in federal custody until on or about June 30, 2020.

8. On or about June 30, 2020, Plaintiff was transferred to the custody of the State of Ohio transported to Belmont Correctional in St, Clairsville, Ohio.

9. This transfer occurred due to the fact that Plaintiff was held on a parole violation for a 1969 murder conviction arising from events in Trumbull County, Ohio.

10. Plaintiff had multiple parole hearings and was ultimately transferred to Grafton Correctional Institution, Grafton, Ohio where he was released from Custody on or about March 17, 2023.

11. Plaintiff therefore brings this action pursuant to federal and Ohio law seeking redress for the wrongs done to him, as well as to deter future misconduct. Mr. Crenshaw asserts claims under the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution, as well as, 18 U.S. 3624 for violations of his right to liberty, his right to be free from cruel and unusual punishment, and his right to be released at the expiration of his stated prison term.

12. Mr. Crenshaw is seeking compensatory damages, punitive damages, attorney fees, costs incurred in this action, and any other relief the court deems appropriate from the Defendants.

**Jurisdiction and Venue**

13. This Court has jurisdiction over Plaintiff''s federal claims pursuant to 28 U.S.C. § 1331, and over his state-law claims pursuant to 28 U.S.C. § 1367.

14. Venue is proper because the individual Plaintiff and Defendant Lorain Correctional Institution reside within this district, and the predicating and a majority of events giving rise to the claims asserted herein occurred within this district.

**Parties**

15. Plaintiff Charles Crenshaw is a 74 year old resident of Youngstown, Ohio.

16. Defendant Warden, FCI Petersburg Low is the warden of a federal correctional institution located in Petersburg, Virginia, and responsible for the well being and proper implementation of sentencing/custody of all inmates in their facility.

17. Defendant Warden, Belmont Correction Institution is the warden of a state correctional institution located in St. Clairsville, Ohio and responsible for the well being and proper implementation of sentencing/custody of all inmates in their facility.

18. Defendant Warden, Grafton Correctional Institution is the warden of a state correctional institution located in Grafton, Ohio, and responsible for the well

being and proper implantation of sentencing/custody of all inmates in their facility.

## Count I - Wrongful Detention

19. Mr. Crenshaw realleges each and every allegation contained in the preceding paragraphs of his complaint as if fully rewritten herein and further states and alleges as follows:

20. Mr. Crenshaw's Eight and Fourteenth Amendment rights were violated by as he was imprisoned for atleast 14 months longer than required by law.

21. The Sixth Circuit has recognized that "the Eighth and Fourteenth Amendment may be implicated when a prisoner is detained beyond his jail sentence." Beil v. Lake Eire Corr. Records Dep't, et al., 282 Fed. App'x. 363, 368 (6th Cir. 2008); see also Shorts v. Bartholomew, 255 Fed. App'x 46, 51 (6th Cir. 2007) ("[T]hat the right at issue is secured by the Constitution and laws of the United States[] is beyond dispute: when a prisoner's sentence has expired, he is entitled to release."); see also Sample v. Diecks, 885 F.2d 1099, 1108 (3rd Cir. 1989) ("We think there can be no doubt that imprisonment beyond one's term constitutes punishment within the meaning of the eighth amendment.") (citing Hutto v. Finney, 437 U.S. 678, 685 (1978)).

22. The Sixth Circuit has further held that:

> "The Eighth and Fourteenth Amendment may be implicated when a prisoner is detained beyond his jail sentence." *Beil v. Lake Eire Corr. Records Dep't, et al.,* 282 Fed. App'x. 363, 368 (6th Cir. 2008); *see also Shorts v. Bartholomew,* 255 Fed. App'x 46, 51 (6th Cir. 2007) ("[T]hat the right at issue is secured by the Constitution and laws of the United States[] is beyond dispute: when a prisoner's sentence has expired, he is entitled to release."); *see also Sample v. Diecks,* 885 F.2d 1099, 1108 (3rd Cir. 1989) ("We think there can be no doubt that imprisonment beyond one's term constitutes punishment within the meaning of the eighth amendment.") (citing *Hutto v. Finney,* 437 U.S. 678, 685 (1978)). Moreover, "an incarcerated inmate has 'a liberty interest in being released at the end of his term of imprisonment.'" *Shorts,* 255 Fed. App'x at 51 (citing *Schultz v. Egan,* 103 Fed. App'x 437, 440 (2nd Cir. 2004); *Davis v. Hall,* 375 F.3d 703, 712-23 (8th Cir. 2004). Also, courts have recognized that deprivation of good-time credits resulting in a lengthened sentence may give rise to a § 1983 claim when the inmate brings the action after his release. *See Nonnette v. Small,* 316 F.3d 872, 877 (permitting a former inmate to bring a § 1983 action for deprivation of good-time credits that allegedly resulted in a longer sentence).

*Young v. Mohr*, Civil Action 2:12-cv-349, 2-3 (S.D. Ohio Feb. 26, 2013)

23. The Eighth Amendment, which protects convicted individuals from cruel and unusual punishment, may also be implicated when a prisoner has been detained past his maximum release date. *Thome v. Bevin*, CIVIL ACTION NO. 3:17-CV-269-CRS, 6 (W.D. Ky. Aug. 24, 2017) citing *Beil v. Lake Erie Corr. Records Dep't*, 282 F. App'x 363, 368 (6th Cir. 2008)

24. To evaluate the plaintiff's over-detention claim, the Sixth Circuit adopted the three-part "deliberate indifference" test set out by the Third Circuit in Sample v. Diecks, 885 F.2d 1099, 1110 (3d Cir.1989). Shorts v. Bartholomew, 255 Fed. App'x 46, 51 (6th Cir. 2007)

6

25. Pursuant to this test, the plaintiff must show that:

    a. (1) the defendant had knowledge of the plaintiff's "problem" (i.e., detention beyond the plaintiff's sentence);
    b. (2) the defendant "either failed to act or took only ineffectual action under circumstances indicating that his or her response to the problem was a product of deliberate indifference to the prisoner's plight[ ]"; and
    c. (3) there is "a causal connection between the [defendant's] response to the problem and the infliction of the unjustified detention."

26. It is submitted that all above factors were met in the instant matter.

27. Defendants either failed to take action or only took ineffectual action under circumstances indicating that Defendant's response to the problem was a product of deliberate indifference to the prisoner's plight.

28. As a direct and proximate result of Officers' unlawful detention, of Mr. Crenshaw, Mr. Crenshaw sustained economic and non-economic damages, including, but not limited to, compensatory damages, physical injury and physical and emotional pain and suffering which will continue into the future.

**Count II: Federal Law – Fourth and Fourteenth Amendments
Due Process and Continued Detention Without Probable Cause**

29. Each preceding paragraph of this Complaint is incorporated as if restated fully herein.

30. In the manner described more fully above, the Defendants, acting individually, jointly, and in conspiracy with each other, continued to detain the Plaintiff under no valid color or law.

31. There was no legal cause for the continued federal detention of Plaintiff.

32. In doing so, the Defendants caused Plaintiff to be deprived of his liberty, in violation of his rights secured by the Fourth and Fourteenth Amendments. Plaintiff suffered a continued deprivation of liberty apart from their initial seizures and until his release on March 17, 2023.

33. Additionally, in the manner described more fully above, the Defendants deliberately engaged in arbitrary and conscience-shocking conduct that contravened fundamental canons of decency and fairness and violated Plaintiff's substantive due process rights under the Fourteenth Amendment.

34. The Defendants were acting under color of law and within the scope of their employment when they took these actions.

35. Defendants' misconduct described in this Count was undertaken pursuant to the policies, practices, and customs of Defendants City and County, in the manner described more fully above.

36. As a direct and proximate result of the Defendants' actions, Plaintiff's constitutional rights were violated and he suffered injuries, including but not limited to loss of liberty, physical sickness and injury, emotional pain and suffering, economic damages, and other grievous and continuing injuries and damages.

### Count III: Ohio Law – Intentional Infliction of Emotional Distress

37. Each paragraph of this Complaint is incorporated as if restated fully herein.

38. In the manner described more fully above, Defendants, acting individually, and/or jointly, intentionally or recklessly engaged in extreme and outrageous conduct that caused Plaintiff serious, severe emotional distress as well as bodily harm.

        The Defendants' misconduct was the actual and proximate cause of Plaintiff's emotional distress and bodily harm.

39. The Defendants were acting under color of law and within the scope of their employment when they took these actions.

40. Through the doctrine of *respondeat superior*, Defendants are liable as principal for all state law torts committed by their employees or agents, including the misconduct by Defendants described in this Count.

41. As a direct and proximate result of the Defendants' actions, Plaintiff's constitutional rights were violated and he suffered injuries, including but not limited to loss of liberty, physical sickness and injury, emotional pain and suffering, economic damages, and other grievous and continuing injuries and damages as set forth above.

## Count IV - *(Violation of 18 U.S. Code § 3624)*

42. Mr. Crenshaw realleges each and every allegation contained in the preceding paragraphs of his complaint as if fully rewritten herein and further states and alleges as follows:

43. Courts have recognized that deprivation of good-time credits resulting in a lengthened sentence may give rise to a § 1983 claim when the inmate brings the action after his release. See Nonnette v. Small, 316 F.3d 872, 877 (permitting a former inmate to bring a § 1983 action for deprivation of good-time credits that allegedly resulted in a longer sentence).

44. 18 U.S. Code § 3624 - Release of a prisoner, states in relevant part that: A prisoner shall be released by the Bureau of Prisons on the date of the expiration of the prisoner's term of imprisonment, less any time credited toward the service of the prisoner's sentence as provided in subsection (b).

45. At the aforementioned times and places, Defendants were acting under color of law and within the course and scope of their employment as employees with Government and were unseasonable and outrageous by detaining Mr. Crenshaw in violation of his rights guaranteed by the U.S Constitution and federal law.

46. Officers' acts of not releasing Mr. Crenshaw, as described herein, constitutes wanton, willful, reckless, unjustifiable, and malicious conduct warranting the imposition of exemplary punitive damages.

47. Faced with the circumstances present at the aforementioned times and places, reasonably prudent law enforcement officers/personnel would or should have known that the excessive imprisonment described herein violated Mr. Crenshaw's clearly established rights guaranteed by federal law and the U.S. Constitution.

48. Mr Crenshaw was not released by the Bureau of Prisons on the date of the expiration of his amended prison term.

49. As a direct and proximate result of Officers' unlawful detention, of Mr. Crenshaw, Mr. Crenshaw sustained economic and non-economic damages, including, but not limited to, compensatory damages, physical injury and physical and emotional pain and suffering which will continue into the future.

**Count V - Fifth Amendment**

50. Mr. Crenshaw realleges each and every allegation contained in the preceding paragraphs of his complaint as if fully rewritten herein and further states and alleges as follows:

51. The Fifth Amendment to the United States Constitution states in relevant part, that no person shall, "[B]e deprived of life, liberty, or property, without due process of law."

52. At the aforementioned times and places, Defendants were acting under color of law and within the course and scope of their employment as employees of the government when they deprived Mr. Crenshaw of his liberty in violation of his rights guaranteed by the Fifth Amendment.

53. Federal employees, acting under the color of federal statute, failed to release Mr. Crenshaw on the date of the expiration of his prison term.

54. Mr. Crenshaw was deprived of his liberty without due process of law by federal employees under the color of federal statute.

55. Faced with the circumstances present at the aforementioned times and places, reasonably prudent law enforcement officers/personnel should, or should have known, the continued detention described herein violated Mr. Crenshaw's clearly established Fifth Amendment rights to liberty which can not be taken away without due process.

56. Mr. Crenshaw was deprived of his life and liberty without the due process of law because of Defendant's actions.

57. As a direct and proximate result of the government's unlawful detention delineated above, Mr. Crenshaw sustained economic and non-economic damages, including, but not limited to, compensation, physical injury and physical and emotional pain and suffering which will continue into the future.

WHEREFORE, Plaintiff, CHARLES CRENSHAW, respectfully requests that this Court enter a judgment in his favor and against all Defendants awarding compensatory damages, costs, and attorneys' fees against each Defendant, along with punitive damages against each of the individual Defendants, as well as any other relief this Court deems appropriate.

**JURY DEMAND**

Plaintiff, CHARLES CRENSHAW, hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

Respectfully submitted,

*S/BRETT F. MURNER*
BRETT MURNER (0074363)
Law Office of Brett Murner
116 West Herrick
Wellington, OH 44090
(440) 647-9505 – Phone
(440) 647-9506 - Fax
**brett@murnerlaw.com**