UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES CRENSHAW, | ) | CASE NO. 1:24-cv-00491-JRA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE JOHN ADAMS |
| | ) | |
| WARDEN, LCI, et al. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| Defendants. | ) | **AND ORDER** |
| | ) | |

Pending before the Court are motions to dismiss filed by Defendant Warden, FCI Petersburg Low ("Federal Defendant") (Doc. 23) and Defendants Warden, Lorain CI and Warden, Belmont CI ("State Defendants") (Doc. 22). Plaintiff Charles Crenshaw has opposed the motions, and both Defendants replied. Upon review, the motions to dismiss are GRANTED, and this matter is DISMISSED.

I. Factual Background

On December 1, 1995, Crenshaw was arrested on charges of possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and two counts of felon in possession of firearms in violation of 18 U.S.C. §§ 922(g) and 924(a)(2). *USA v. Crenshaw*, 4:95-CR-438, Doc. No. 9 (N.D. Ohio 1995). He plead not guilty and was convicted by a jury of his peers of one count of possession of cocaine with intent to distribute and one count 1 felon in possession of a firearm. *Id.* Crenshaw was sentenced to 360 months of imprisonment. *Id.*

On May 6, 2019, Crenshaw moved to reduce his sentence pursuant to the First Step Act. *Id.*, Doc. No. 113. On May 7, 2019, the motion was granted, and Crenshaw's sentence was reduced from 360 months to 281 months. *Id.*, Doc. No. 114. As such, Crenshaw contends that he should have been immediately released from federal prison at the time his motion was granted. Pl.'s First Amend. Compl., Doc. No. 21, Page ID# 109. However, he was instead held at FCI Petersburg Medium until June 30, 2020, when he was transferred to the custody of the State of Ohio. Fed. Def.'s Answer to Pl.'s First Amend. Compl., Doc No. 24, Page ID# 145. Crenshaw was transferred due to a parole violation related to his 1969 murder conviction in Trumbull County, Ohio. Pl.'s First Amend. Compl., Page ID# 109. On April 21, 2021, Crenshaw's attorney submitted an administrative claim pursuant to the Federal Torts Claim Act alleging the tort of wrongful imprisonment. Fed. Def.'s Mot. To Dismiss Ex. A, Doc No. 23-1, Page ID# 141-142. On September 29, 2021, that administrative claim was denied by Regional Counsel Michael D. Frazier. *Id.*, Page ID# 140.

On March 15, 2024, as a result of being held for an additional 12 months at FCI Petersburg Medium, Crenshaw brings this suit and argues violations of the law by persons acting under the color of law who infringed on his Fourth, Fifth, Eighth, and Fourteenth Amendment rights; as well as tort claims for wrongful imprisonment against the United States and related § 1983 claim against the State of Ohio.

**II.      Standard of Review**

The Supreme Court and the Sixth Circuit have stated the standard for reviewing a motion to dismiss in several cases. The Supreme Court has stated "[a] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). The Sixth Circuit has clarified that a court may not grant a Rule

(12)(b)(6) motion to dismiss merely because it may not believe the plaintiff's factual allegations. *Allard v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir. 1993). However, the plaintiff must still plead more than bare legal conclusions. *Id*. Specifically, the complaint must contain "either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988). The Supreme Court further clarified the standard by explaining that "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). Additionally, the Court said, "even though a complaint need not contain "detailed" factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* "'[D]ismissing [a] claim under Rule 12(b)(6) is appropriate' when 'the allegations in the complaint affirmatively show that the claim is time-barred.'" *Baltrusaitis v. Int'l Union*, 86 F.4th 1168, 1178 (6th Cir. 2023) (quoting *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012)).

   III.   **Court's Analysis**

The Federal Defendant moves to dismiss the case on the basis that Crenshaw failed to timely submit his tort claims under the Federal Tort Claims Act ("FCTA") and that he failed to state a claim under *Bivens*. The State Defendants move to dismiss the case on grounds that Crenshaw failed to state a 42 U.S.C. § 1983 claim.

   A.  **Federal Defendant's Motion to Dismiss**

The law recognizes that there are time limits to bringing forth a claim, preventing litigation from claims where "evidence has been lost, memories have faded, and witnesses have

disappeared." *Wershe v. City of Detroit*, 112 F.4th 357, 364 (6th Cir. 2024) (Quoting *CTS Corp. v. Waldburger*, 573 U.S. 1, 8 (2014) (citations omitted)). For the FTCA, the statute of limitation is six months after a claim has been denied. 28 U.S.C. § 2401(b). The FTCA requires plaintiffs to seek relief "first" from the relevant federal agency before suing. *Kellom v. Quinn*, 86 F.4th 288, 290 (6th Cir. 2023).

Crenshaw made an administrative claim against the U.S. Department of Justice on April 21, 2021. On September 29, 2021, that claim was denied. Crenshaw needed to bring an action at some point within six months from the date it was denied. Instead, this action came on March 15, 2024.

In response to the motion to dismiss, Crenshaw contends that equitable tolling can be applied to his case. To support his proposition, Crenshaw submits the following, "Where a 'plaintiff because of disability, irremediable lack of information, or other circumstances beyond his control just cannot reasonably be expected to sue in time,' courts have applied a doctrine of 'equitable tolling.'" *Wallace v. Kato*, 549 U.S. 384, 400 (2007) (Breyers, J. Dissenting) (citations omitted). This quote comes from the dissenting opinion in *Wallace* and does not accurately represent the current law within the Sixth Circuit in the context of Crenshaw's claims.

In general, equitable tolling is available "when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Jackson v. United States*, 751 F.3d 712, 718 (6th Cir. 2014) (quoting *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010)). "'[E]quitable tolling may be applied in suits against the government, courts will only do so sparingly, and not when there has only been a garden variety claim of excusable neglect.'" *Id.* (quoting *Chomic v. United States*, 377 F.3d 607, 615 (6th Cir. 2004)). A litigant

"carr[ies] the burden of establishing [his] entitlement to equitable tolling." *Id.* at 718-19 (citation omitted).

This Circuit has traditionally considered five factors to determine whether equitable tolling of an FTCA claim is warranted. Whether the plaintiff 1) lacked notice of the filing requirement; 2) lacked constructive knowledge of the filing requirement; 3) diligently pursued his rights; 4) would prejudice the defendant in pursuing the claim; and 5) reasonably ignored the filing requirement. *Wershe*, 112 F.4th at 366 (citing *Zappone v. United States*, 870 F.3d 551, 556 (6th Cir. 2017)).

There are some additional considerations to the five-factor test set out in *Zappone*. First, the existence of a publicly available statute setting forth a filing deadline at the very least establishes constructive knowledge. *Wershe*, 112 F.4th at 366 (citing *Athens Cellular, Inc. v. Oconee County*, 886 F.3d 1094, 1101 (11th Cir. 2018)). Second, a plaintiff has constructive knowledge when his attorney should have known of the filing deadlines. *Id*. Third, a plaintiff must have diligently pursued the instant claims during the entire period over which he seeks equitable tolling. *Id.* at 367-368. The mere fact that a plaintiff consulted with an attorney or two does not establish diligence which he failed to bring suit. *Id.* at 368. Fourth, a delay in filing a claim may prejudice a defendant if the delay results in the loss of potential witnesses and evidence. *Id.* at 369.

Crenshaw did not make an argument on any of the factors. Weighing the facts in a light most favorable to him, the court finds that the factors set forth above weigh against equitable tolling.

To begin with, Crenshaw would have constructive notice about the filing deadline, and, he has constructive notice because his attorney should have known the deadline. Crenshaw, in fact, attempted to pursue his rights and filed an FTCA administrative claim within two years of the

alleged tort claims. Next, Crenshaw's failure to then follow-up and file an action in court, despite having assistance of counsel, demonstrates Crenshaw's lack of diligence in pursuing the claim. Being incarcerated does not *ipso facto* prevent Crenshaw from diligently pursuing his claim. The very fact that he filed the FCTA administrative claim on April 21, 2021, means that he filed it from the state prison system with assistance of counsel, which shows that incarceration did not prevent him from pursuing the claim. Then, by not filing this action for nearly three years, Crenshaw unfairly prejudiced the Federal Defendant. Lastly, there is no dispute that Crenshaw was told of the deadline by the Regional Counsel who denied his administrative claim that an action had to be made within six months from the date of denial. There is simply no reasonable reason for Crenshaw to have missed the deadline. Therefore, the tort claims against the Federal Defendant must be dismissed as untimely filed.

Crenshaw also made several claims against the Federal Defendant for violations of his constitutional rights. The Court agrees with the Federal Defendant that the cause of action that Crenshaw is attempting to establish is a *Bivens* claim. The Supreme Court held that it had authority to create "a cause of action under the Fourth Amendment" against federal agents who allegedly manacled the plaintiff and threatened his family while arresting him for narcotics violations. *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 397 (1971). Since then, the Court has extended *Bivens* twice.

> First, for a former congressional staffer's Fifth Amendment sex-discrimination claim, *see Davis v. Passman*, 442 U. S. 228, 99 S. Ct. 2264, 60 L. Ed. 2d 846 (1979); and second, for a federal prisoner's inadequate-care claim under the Eighth Amendment, *see Carlson v. Green*, 446 U. S. 14, 100 S. Ct. 1468, 64 L. Ed. 2d 15 (1980).

*Egbert v. Boule*, 596 U.S. 482 (2022). Over the past forty-two years, however, the Supreme Court has declined eleven times to imply a similar cause of action for other alleged constitutional

violations. *Id.* at 486. A court may not fashion a *Bivens* remedy if Congress already has provided, or has authorized the Executive to provide, "an alternative remedial structure." *Id.* at 493 (citing *Ziglar v. Abbasi*, 582 U.S. 120, 137 (2017)).

Crenshaw, in contending that a private cause of action exists for infringements of his constitutional rights, has failed to establish a prima facie *Bivens* claim. Crenshaw's case, viewed in the light most favorable to him, does not state a fact that he was "manacled" by federal agents, nor establishes a sex-discrimination claim, nor informs the Court that he received inadequate medical care. Given the Supreme Court's insistence that Congress must make a new cause of action for a plaintiff to utilize, this Court cannot extend a *Bivens* claim for Crenshaw on the grounds that the Federal Defendant violated his constitutional rights for keeping him in custody past his release date pending release to state custody for his parole violation. Further, given that wrongful imprisonment is a tort, there was adequate alternative for Crenshaw to pursue had the FCTA action been timely. Thus, the case against the Federal Defendant must be dismissed.

**B.    State Defendants' Motion to Dismiss**

Reviewed in the light most favorable to Crenshaw, the facts as alleged fail to establish a claim which this Court can remedy. Crenshaw was properly detained by the State of Ohio. He was held for parole violations and was promptly released. The main point of contention for Crenshaw is whether he should get time-served for the additional time spent at FCI Petersburg Medium. Crenshaw cites no cases to how his legal theory establishes liability for the State Defendants.[1] Additionally, Crenshaw fails to establish facts showing harm done by the Warden or individual

---

[1] At best, Crenshaw appears to assert that the State Defendants should have realized the harm caused by the Federal Defendant and undertaken to remedy that harm. Crenshaw, however, can identify no legal theory that would impose such an obligation on the State Defendants.

employees or agents acting under the Wardens power. Given that Crenshaw fails to establish a claim for which this Court can remedy, the case against the State Defendants must be dismissed.

## IV. Conclusion

For the reasons stated above, the Federal Defendant's and State Defendants' motion to dismiss is GRANTED. This matter is hereby DISMISSED.

IT IS SO ORDERED.

 May 30, 2025                                                  */s/ Judge John R. Adams*
                                                                JUDGE JOHN R. ADAMS
                                                                UNITED STATES DISTRICT COURT